UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INEZ KAY WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00199-HAB-SLC |
| | ) | |
| PILOT TRAVEL CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Pilot Travel Centers, LLC, removed this matter to this Court on May 20, 2020, asserting that this Court has subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 because complete diversity among the parties exists. (ECF 1). Having now screened the case for purposes of diversity jurisdiction, the undersigned Magistrate Judge *sua sponte* recommends that this case be remanded to Allen County Superior Court due to Defendant's failure to establish that the amount in controversy exceeds $75,000. This Report and Recommendation is based on the following facts and principles of law.

*A. Factual and Procedural Background*

Plaintiff Inez Kay Walters initiated this matter in Allen County Superior Court on April 19, 2020, after allegedly slipping and falling on a sidewalk of a property owned and managed by Defendant. (ECF 2 ¶ 7). As a result of Defendant's alleged negligence in maintaining the sidewalk, Plaintiff asserts she was seriously injured and seeks damages for "permanent and temporary physical and mental injuries, medical expenses both past and future, lost wages and impairment of earning capacity, disfigurement and pain and/or suffering with mental anguish." (ECF 2 ¶ 13). Plaintiff, however, did not specify in her complaint the exact amount of damages

she seeks. *See* Ind. R. Trial. P. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand.").

In its Notice of Removal, Defendant asserts that "[c]ounsel for Defendant has discussed the case with counsel for Plaintiff who confirmed that the amount in controversy does in fact exceed $75,000, the jurisdictional amount required for removal pursuant to 28 U.S.C. § 1332(a)." (ECF 1 ¶ 3). Defendant provides no other allegation or evidence in support of this assertion. On June 22, 2020, the undersigned Magistrate Judge conducted a telephonic preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16 and ordered the parties to file within fourteen days additional briefs regarding the amount in controversy. (ECF 10). On July 6, 2020, Plaintiff timely filed a memorandum asserting that "her paid medical bills are under $5,000," and that she takes "no [other] position on the amount in controversy." (ECF 12 at 5). Defendant, however, failed to file the additional brief as ordered by the Court, and its time to do so has now passed.

### B. Legal Standard

"Jurisdiction is the 'power to decide' and must be conferred upon a federal court." *Byerline v. Love*, No. 1:18 CV 430, 2019 WL 2103440, at *1 (N.D. Ind. May 13, 2019) (citation omitted). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). "Even absent an objection by a party challenging jurisdiction, [the Court is] 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Bush v. Roadway Express, Inc.*, 152 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Carroll v.*

*Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 613 (7th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"A removing party . . . must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) ("A defendant who removes a suit in which the complaint lacks an *ad damnum* must establish a 'reasonable probability' that the amount in controversy exceeds $75,000."). This is not a particularly high bar. "Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule." *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (citations omitted). That being said, "the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . ." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). In fact, even if a proponent's jurisdictional allegations "are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify [its] allegations by a preponderance of evidence." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

*C. Analysis*

Based on the limited record before the Court, I cannot say that Defendant has established with a reasonable probability that the amount in controversy in this case exceeds $75,000. In fact, the only support in the record for Defendant's assertion is that its counsel conferred with Plaintiff's counsel, who agreed that the amount in controversy requirement was met. (ECF 1 ¶ 3). Defendant's assertion, however, contrasts with Plaintiff's later representation to the Court that she takes "no position regarding the actual amount in controversy here." (ECF 12). Furthermore, when the Court ordered Defendant to justify its allegations by filing the additional brief, it completely failed to do so.

Again, establishing the amount in controversy is not an onerous task. As the Seventh Circuit Court of Appeals in *Meridian* explained:

> We have suggested several ways in which this may be done—by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations (as in [*Brill v. Countryside Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)]); by reference to the plaintiff's informal estimates or settlement demands (as in *Rising–Moore*); or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands (see *Rubel v. Pfizer Inc.,* 361 F.3d 1016 (7th Cir.2004)). The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).

441 F.3d at 541-42. Defendant, however, has provided the Court with nothing but its bare assertions. Accordingly, I cannot say that Defendant has met its burden of establishing that this Court has subject-matter jurisdiction over this case. Therefore, a remand of this case for lack of jurisdiction is appropriate.

4

### *D. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be REMANDED to the Allen County Superior Court due to Defendant's failure to establish the requisite amount in controversy for purposes of diversity jurisdiction.

SO ORDERED.

Entered this 21st day of September 2020.

/s/ Susan Collins<br>
Susan Collins<br>
United States Magistrate Judge